**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL HUGH O'CONNOR,<br><br>        Petitioner - Appellant,<br><br>  v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>        Respondent - Appellee. | No. 13-71413<br><br>Tax Ct. No. 7234-11<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted June 22, 2015[**]

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Daniel Hugh O'Connor appeals pro se from a decision of the Tax Court denying his petition challenging a deficiency in his 2008 income tax. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's legal conclusions, and for clear error its factual findings. *Johanson v. Comm'r*,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

541 F.3d 973, 976 (9th Cir. 2008).  We affirm.

The Tax Court properly upheld the Commissioner's determination of deficiency because the amount paid to O'Connor for his participation in a medical research study was not excludable from his gross income as a gift or as compensation for his injuries or sickness.  *See* 26 U.S.C. § 61 (broadly defining gross income); *Comm'r v. Dunkin*, 500 F.3d 1065, 1069 (9th Cir. 2007) ("[E]xclusions from gross income are construed narrowly in favor of taxation."); *see also Comm'r v. Schleier*, 515 U.S. 323, 337 (1995) (a taxpayer may only exclude amounts under 26 U.S.C. § 104(a)(2), as compensation for physical injuries or physical sickness, when the taxpayer demonstrates, among other things, that the payment was received on account of personal physical injury or physical sickness); *Comm'r v. Duberstein*, 363 U.S. 278, 286 (1960) ("A gift in the statutory sense . . . proceeds from a detached and disinterested generosity, . . . out of affection, respect, admiration, charity or like impulses." (citation and internal quotation marks omitted)).

We reject O'Connor's contentions concerning his right to privacy, his Fifth Amendment privilege against self-incrimination, and the alleged lack of jurisdiction of this court, the Tax Court, and the Internal Revenue Service.

**AFFIRMED.**